## In the Matter of NOUNNAN & ORR, Partners, &c., Bankrupts.

1. If, after certain of their creditors have filed a petition in bankruptcy against them, the alleged bankrupts file their own petition in bankruptcy, and all the creditors, including the first petitioners, come in and prove their claims under the last petition, the first is thereby waived, and, on motion, it should be dismissed.

2. If, after the commencement of proceedings in bankruptcy, and before adjudication, the bankrupts, with the assent of the creditors, employ an expert who renders services which inure largely to the benefit of the creditors, the claim of such expert for compensation out of the assets should not only be allowed, but should be preferred.

3. The Court is, however, not necessarily bound by the agreement between the bankrupts and the expert as to the amount of such compensation.

Original proceedings in bankruptcy in the Supreme Court at a special term, January 6th, 1871.

Certain motions herein having been argued before Associate Justices Hawley and Strickland, and they having disagreed on these conclusions, the matter came up for re-argument before the full bench, on the day above mentioned.

It was shown to the Court that David P. Kimball and Heber P. Kimball filed their petition April 23d, 1869, and their amended petition May 11th, 1869, praying that Joseph F. Nounnan & Co. (the above named Nounnan and Orr) be declared bankrupts, &c.; that afterwards, before adjudication, by agreement with the Kimballs,

and by the acquiescence of the other creditors, Jos. F. Nounnan & Co. prosecuted a claim against the Union Pacific Railroad Company; that they employed, by agreement in writing, Stevenson, an engineer, to make certain surveys and measurements of portions of the U. P. Railroad involved in the litigation; that Jos. F. Nounnan & Co. recovered from the said Railroad Company the sum of $95,000; that Jos. F. Nounnan & Co. then filed their own petition in bankruptcy (June 9, 1870); *that the Kimballs and all other creditors*—taking no further steps under the first two petitions or either of them—came in and proved their claims under the third or voluntary petition; that an assignee was chosen under the last named petition; that Jos. F. Nounnan & Co., paid over to the assignee, for the benefit of the creditors, the $95,000 recovered from the Railroad Company, and that that sum was nearly or quite all the assets of the bankrupts.

The argument came up on the following motions:

On the part of Stevenson, that he be allowed the stipulated price for his services, and that his demand be preferred.

On the part of the Kimbals, that their petitions of April 23d and May 11th, 1869, be dismissed.

On the part of Thos. F. Almy, a creditor, that he be substituted in the place and stead of the Kimballs as petitioning creditor, &c.; or that a hearing be had upon the first and second petition, &c ; or that these petitions be combined and a hearing had, &c.

On the part of the assignee, that Almy's claim be rejected, on the ground that Almy had received certain collateral security therefor, which he had sold.

*Mr. Kirkpatrick* for Stevenson.

*Mr. Marshall* for the Kimballs.

*Mr. Almy* in person

*Mr. Maxwell* and *Mr. Robertson* for the Assignee.

McKEAN, C. J.

In very important particulars this case differs from any reported case, and the Court, in deciding the questions raised, must therefore make rather than follow precedents.

I have reached the following conclusions:

1. All the creditors having proved their claims, and other proceedings having been taken, under the third or voluntary petition, filed June 9, 1870, the creditors thereby waived the right now to insist upon going back and proceeding under the first two petitions, or either of them. The petition of Thos. J. Almy should therefore be denied.

2. The motion to dismiss the petitions of the Kimballs, filed April 23d and May 11th, 1869, should be granted.

3. The petition of the Assignee that Almy's claim be rejected, cannot be allowed. But that claim should be referred to the Registrar to examine into and report thereon.

4. The bankrupts and the creditors have had, or are to have, the full benefit of Stevenson's services, and he should be held to have substantially complied with the terms of his contract.

5. The nature of Stevenson's services, and the circumstances under which they were rendered, entitle him to be placed among the preferred creditors.

6. The Court is not necessarily bound by contracts between Stevenson and Jos. F. Nounnan & Co., as to the amount of Stevenson's compensation,—other creditors are interested in that question. But, taking all the proofs into consideration, Stevenson should be allowed the amount stipulated in the written contract less the amount already paid; and his claim to such amount should be preferred.

STRICKLAND, J., concurred.   HAWLEY, J., dissented.